UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL-FARID SALAHUDDIN,

      Plaintiff,

-against-

CITY OF MOUNT VERNON, NEW YORK,

      Defendant.

MEMORANDUM OPINION
AND ORDER

20-CV-07021 (PMH)

PHILIP M. HALPERN, United States District Judge:

  Al-Farid Salahuddin ("Plaintiff"), Deputy Chief of the City of Mount Vernon Fire Department (the "Fire Department"), brings this action under 42 U.S.C. § 1983 against the City of Mount Vernon ("Defendant") for a violation of his Fourteenth Amendment procedural due process rights in connection with his October 1, 2019 suspension from the Fire Department without pay. (Doc. 35, "Am. Compl.").

  Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6)[1] on July 20, 2021. (Doc. 42; Doc. 43, "Def. Br."). On August 24, 2021, Plaintiff filed his opposition (Doc. 49), and the motion was fully briefed with the filing of Defendant's reply memorandum of law and affirmation in support (Doc. 55; Doc. 56, "Reply Br.").

  For the reasons set forth below, Defendant's motion to dismiss is DENIED.

## BACKGROUND

  Defendant, having chosen from a competitive civil service eligible list, hired Plaintiff as a Firefighter on November 17, 1980; Plaintiff was subsequently promoted from the promotional

---

[1] Defendant's notice of motion indicates that it is also moving to dismiss under Rule 12(b)(1), however, Defendant does not offer any substantive argument to support that branch of its motion. To the extent that the reference to Rule 12(b)(1) concerns the purported availability of an Article 78 proceeding to act as a bar to Plaintiff's federal due process claim, the Court considers that argument more properly made under Rule 12(b)(6), *infra*.

civil service eligible lists to Lieutenant, Captain, and Deputy Chief. (Am. Compl. ¶ 5). Plaintiff has been a Deputy Chief with the Fire Department since August 8, 2016. (*Id.* ¶ 6). On or about September 7, 2019, Plaintiff was placed on administrative leave with pay pending an investigation into certain of his actions, though no specified allegations of misconduct or incompetence were ever provided to him. (*Id.* ¶ 17). On October 1, 2019, Plaintiff was notified in writing that he was "'placed on suspension without pay in accordance with Chapter 39 of the Fire Department's Rules and Regulations.'" (*Id.* ¶ 18). Plaintiff remained on unpaid suspension from October 1, 2019 through January 15, 2020. (*Id.* ¶ 21). On January 15, 2020, Fire Commissioner Deborah M. Norman wrote to Plaintiff: "After a careful review of the facts and circumstances surrounding your suspension without pay, and the fact that the investigation conducted by the prior administration failed to yield any disciplinary charges, you are hereby immediately reinstated to your position of Deputy Chief." (*Id.* ¶ 22).

Plaintiff alleges that, because Defendant never issued written disciplinary charges, held a disciplinary proceeding, or made any finding adjudging Plaintiff guilty of any misconduct, incompetency or incapacity, he was deprived of due process in violation of the Fourteenth Amendment. Plaintiff seeks, for the period of October 1, 2019 to January 15, 2020, lost base salary, overtime, longevity pay, holiday pay, EMT stipend, accrual of paid time off, employer contributions to his New York State Police and Fire Retirement account for the period of unpaid suspension, credited service to his time in the New York State Police and Fire Retirement System, and credited service to his time for purposes of seniority.

## **STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff alleges that being suspended without pay for three-and-a-half months without being afforded any of the required pre- and post-deprivation due process protections unlawfully deprived him of a constitutionally protected property interest. "A procedural due process claim in the employment context 'is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process.'" *Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *13 (S.D.N.Y. Dec. 18, 2020) (quoting *Domeneck v. City of New York*, No. 18-CV-07419, 2019 WL 5727409, at *9 (S.D.N.Y. Nov. 5, 2019)).

As to the first step in the analysis, Plaintiff has a constitutionally protected interest in his continued employment with the Fire Department by virtue of the entitlement created in New York Civil Service Law § 75. *See O'Neill v. City of Auburn*, 23 F.3d 685, 688 (2d Cir. 1994) ("[The Second Circuit has] previously held that § 75 gives covered employees a property interest in their employment, so that they may not be terminated without notice and hearing."). Defendant does not appear to contest the existence of Plaintiff's property right in his continued employment as a tenured public employee. Rather, to this point, Defendant argues only that a property interest does not exist because "[t]here is no federal or state constitutional provision or law requiring that governmental employees [] be paid 100 percent of their wages in every given pay period." (Def. Br. at 2, 5 (quoting *Adams v. Suozzi*, 517 F.3d 124, 128 (2d Cir. 2008)). However, "[w]here an employee has a property interest in his job, a suspension can result in a deprivation of that interest and cannot be imposed without the protection of due process." *Kennedy v. City of New York*, No. 94-CV-02886, 1995 WL 326563, *6 (S.D.N.Y. 1995); *see also Urbina v. Port Auth. of New York*, No. 15-CV-08647, 2017 WL 3600424, at *2-3 (S.D.N.Y. Aug. 18, 2017). Thus, the Court finds that Plaintiff has pled plausibly that he has a constitutionally protected property interest.

As to the second step, the Court must determine what process Plaintiff was entitled to under the Constitution. Defendant contends that because Plaintiff could have brought an Article 78 proceeding, such post-deprivation remedy satisfies constitutional due process. (Def. Br. at 2-4). Defendant urges that Plaintiff was not entitled to written notice and a hearing prior to his unpaid suspension because "no such right exists pursuant to the Mount Vernon City Charter, the Mount Vernon Fire Department Rules and Regulations, nor the Constitution," and that, in any event, Plaintiff has not adequately alleged Defendant's liability under *Monell*. (*Id*. at 5).

A procedural due process claim is generally precluded where an Article 78 proceeding is available. *Gonzalez v. City of New York*, No. 18-CV-02197, 2018 WL 10323053, at *7 (S.D.N.Y. Dec. 18, 2018); *Wapniak v. City of New York*, No. 17-CV-02799, 2017 WL 5514182, at *1 (S.D.N.Y. Nov. 16, 2017). If an employee is constitutionally entitled to an adequate post-deprivation remedy, such as an Article 78 proceeding, the failure to avail oneself of the remedy precludes a procedural due process claim. *See Herlihy v. City of New York*, 654 F. App'x 40, 43 (2d Cir. 2016). "However, if an employee is constitutionally entitled to a pre-deprivation hearing, []he may refrain from bringing an Article 78 proceeding but bring a procedural due process claim premised on the non-provision of an adequate pre-deprivation hearing." *Dushane v. Leeds Hose Co. # 1 Inc.*, 6 F. Supp. 3d 204, 214 (N.D.N.Y. 2014). In other words, "the proposition that the availability of an Article 78 proceeding satisfies constitutional due process for *all* challenges to a pre-termination hearing is not supported by the law." *Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 610 (E.D.N.Y. 2011).

"[I]n evaluating what process satisfies the Due Process Clause, 'the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'" *Rivera-Powell v. New York City Bd. of Elections*,

5

470 F.3d 458, 465 (2d Cir. 2006) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)). "[W]here the plaintiff alleges a deprivation pursuant to an established state procedure, 'the state can predict when it will occur and is in the position to provide a pre-deprivation hearing.'" *Reed*, 806 F. Supp. 2d at 611 (quoting *Rivera–Powell*, 470 F.3d at 465)). Thus, "[w]hen the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process." *Hellenic*, 101 F.3d at 880. Rather, the employee must generally be given "notice and a limited opportunity to be heard" prior to the deprivation. *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 (1985)).

"An action is authorized where a state delegates to the defendants the power and authority to effect the very deprivation complained of, and also delegates to them the concomitant duty to initiate the procedural safeguards set up by state law to guard against unlawful deprivation." *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 35 (2d Cir. 2014) (cleaned up). Moreover, the Second Circuit has "noted that allegations in the complaint that 'suggest that any violation . . . was [made] pursuant to a statute, code, regulation, or custom, or made by a final decisionmaker' may indicate that Plaintiffs have sufficiently alleged that the deprivation was not random and unauthorized." *Id.* (quoting *Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

Plaintiff alleges that the deprivation was effectuated on the basis of the power provided by Defendant to its policymakers in the City Charter and Rules and Regulations. Defendant does not disagree—it maintains that it had the power to suspend Plaintiff without pay and without a pre-suspension hearing pursuant to the City Charter and Rules and Regulations. (Reply Br. at 2-3).

6

Thus, because the Court cannot say that the alleged deprivations were "random and unauthorized," Plaintiff's failure to avail himself of an Article 78 proceeding does not preclude this action.[2]

As regards pre-deprivation process, the Constitution mandates a "government entity give its tenured employee notice and an opportunity to respond before he is terminated from a public position. . . . [T]he employee must be given oral or written notice of the charges, an explanation of the employer's evidence, and the opportunity to present his side of the story." *Todaro v. Norat*, 112 F.3d 598 (2d Cir. 1997); *see also Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142, 151 (2d Cir. 2002). Plaintiff alleges that he did not receive any notice of the reason for his suspension until he was suspended. (Am. Compl. ¶¶ 18-19). Plaintiff has, therefore, plausibly alleged insufficient notice to permit him to respond prior to the suspension. *See Dushane*, 6 F. Supp. 3d at 216.

There is both a pre-deprivation and post-deprivation component to due process. *Urbina*, 2017 WL 36000424, at *4. "[W]here a State must act quickly, or where it would be impractical to provide pre[-]deprivation process, post[-]deprivation process satisfies the requirements of the Due

---

[2] Likewise, to the extent Defendant argues that Plaintiff fails to plead *Monell* liability, the Court disagrees for these same reasons. The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right. *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020). The existence of a municipal policy or custom can be established through the actions of a municipal policymaker with "final policymaking power" over the challenged action. *Fierro v. New York City Dept. of Educ.*, 994 F. Supp. 2d 581, 588 (S.D.N.Y. 2014). In other words, *Monell* liability can lie as to Defendant where its Fire Commissioner, Deputy Fire Commissioner, and Chief of Operations are alleged to have made the decision to suspend Plaintiff without pay, had authority to discipline and control the conduct of firefighters pursuant to delegation of such power, and were in a position to provide a pre-deprivation hearing. *See Ratajack v. Brewster Fire Dep't, Inc. of the Brewster-Se. Joint Fire Dist.*, 178 F. Supp. 3d 118, 150-51 (S.D.N.Y. 2016); *Reed*, 806 F. Supp. 2d at 611. "If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff has plausibly pled that the Fire Commissioner, Deputy Fire Commissioner, and Chief of Operations are municipal policymakers with "final policymaking power" on behalf of Defendant in areas involving suspension, removal, disciplinary penalties, and termination of Fire Department employees such as Plaintiff. (*See, e.g.*, Am. Compl. ¶¶ 8, 13, 18, 23). Defendant's argument in reply that the actions of the Fire Commissioner, Deputy Fire Commissioner, and Chief of Operations constitute "random, unauthorized act[s]" (Reply Br. at 6) is contradicted by its argument that these actions were supported by "the plain language of the Rules and Regulations [which] expressly confers the right to do precisely what happened here." (Def. Br. at 4; *see also* Reply at 4-5).

Process Clause." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997). In such circumstances, however, it is contemplated that that "the suspended employee [would] receive[] a sufficiently prompt post[-]suspension hearing," that the "lost income [would be] relatively insubstantial," and that "fringe benefits such as health and life insurance" would be unaffected. *Urbina*, 2017 WL 36000424, at *4 (quoting *Gilbert*, 520 U.S. at 932). Moreover, "[o]nce the charges [are] dropped, the risk of erroneous deprivation increase[s] substantially" and "[a]t some point, a delay in the post-termination hearing would become a constitutional violation." *Id*. (internal citations omitted).

Plaintiff has plausibly alleged that he was suspended without pay, that it caused him substantial loss, and that no reason for the deprivation was ever provided to him. He has also plausibly alleged that he was never provided the basis for any government interest that required an immediate suspension without a hearing, and that no post-suspension hearing was ever provided, let alone "promptly scheduled." *Id*. Plaintiff has also alleged that Defendant continued to withhold his pay and benefits after it was determined on January 15, 2020 that the investigation did not provide a basis for any disciplinary proceeding. To the extent Defendant argues that the holding in *Matter of Russo v. Burke*, 16 N.Y.S.3d 579 (App. Div. 2015), is instructive on this issue, contrary to Defendant's assertion, that case does not concern allegations of a violation of procedural due process. (Reply Br. at 2).

Under these circumstances, Plaintiff has adequately alleged a violation of his pre-deprivation and post-deprivation rights to due process, and Defendant's motion to dismiss this claim is denied.

## **CONCLUSION**

Based upon the foregoing, Defendant's motion to dismiss is DENIED.

Defendant is directed to file an Answer to the Amended Complaint by March 7, 2022. The Court will thereafter docket a Notice of Initial Conference.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 42.

                              **SO ORDERED:**

Dated: White Plains, New York
        February 24, 2022

                                    PHILIP M. HALPERN
                                    United States District Judge